UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN FLYNN**, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil Action No. 05-1020 (ESH) <br> ) |
| **SCHNELL CONTRACTING SERVICES, LLC,** | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for entry of default judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant has been served with the complaint. Defendant has not appeared and default was entered by the Clerk of Court on November 7, 2005. Plaintiffs have moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. <u>Jackson v. Beech</u>, 636 F.2d 831, 836 (D.C. Cir. 1980). "Because this Court considers plaintiffs' motion for default judgment in the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, and it is plain that defendant's default is willful since defendant has not responded either to the summons and

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(D).

complaint, the entry of default or the motion for default judgment and is thus a 'totally unresponsive party' . . . [t]he standards for default judgment are therefore satisfied." <u>Gutierrez v. Berg Contracting Inc.</u>, 2000 WL 331721, *1 (D.D.C. March 20, 2000) (citing <u>Jackson</u>, 636 F.2d at 836).

Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs filed the declaration of David Stupar, Executive Director of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), in support of the motion for default judgment. Based on the declaration and the exhibits to plaintiffs' motion, the Court finds that plaintiffs have established damages in the amount of $93,197.65 in contributions to the IPF and Allied Craftworkers International Masonry Institute ("IMI"), for work performed in Locals 4 & 5 NJ from January 2001 through December 2003, pursuant to ERISA Section 502(g)(2)(A); $29,473.36 in interest on those unpaid contributions, pursuant to ERISA Section 502(g)(2)(B); and an additional interest computation of $29,473.36 in lieu of liquidated damages, pursuant to ERISA Section 502(g)(2)(C)(i).  The Court further finds that plaintiffs are entitled to  $18,657.66 in dues checkoff due to the BAC for work performed in Locals 4 & 5 NJ from January 2001 through December 2003, and $5,840.76 in interest on the dues checkoff.  Finally, plaintiffs are

entitled to $5,659.92 for the costs of the audit performed, pursuant to ERISA Section 502(g)(2)(D).

Plaintiffs have also requested attorney's fees and costs pursuant to ERISA Section 502(g)(2)(D) and filed the declaration of Ira R. Mitzner, plaintiffs' counsel, of the law firm Dickstein, Shapiro, Morin & Oshinsky LLP. The Mitzner declaration states that plaintiffs' counsel have accrued $1,231.00 in legal fees, and costs of $250.00 for the filing fee and $176.85 for the process server's fee. The Court finds that the plaintiffs' are entitled to attorney's fees and costs in the total amount of $1,657.85.

Therefore, judgment will be entered for plaintiff in the amount of $183,960.56, pursuant to 29 U.S.C. § 1132(g)(2).

A separate order of judgment will accompany this opinion.

                                                                                s/
                                             ELLEN SEGAL HUVELLE
                                             United States District Judge

Date: November 30, 2005