IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-01020 |
| ) | Judge: Ellen S. Huvelle |
| SCHNELL CONTRACTING SERVICES, LLC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF IRA R. MITZNER
## IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE JUDGMENT

I, IRA R. MITZNER, hereby declare as follows:

1. I am a partner of the firm Dickstein Shapiro, LLP and am fully familiar with the facts herein.

2. Plaintiffs, John Flynn, et al., filed a Complaint against Defendant, Schnell Contracting Services, LLC, and forwarded that Complaint and Summons for service through Capitol Process Services.

3. Capitol Process Services sent a Return of Service to our office indicating that service had been made on an Edward Lawrence, who allegedly was the managing agent for Schnell Contracting Services LLC, located at 1301 West Park Avenue, Ocean NJ 07712.

4. A Declaration in support of service of Summons and Complaint was filed by Stephen Zachary of our office indicating that service of the summons and Complaint occurred on September 15, 2005 and attached thereto was the proof of service supplied by Capitol Process Services.

5. No Answer was filed to the Complaint and our office therefore filed an affidavit in support of default on November 3, 2005. The affidavit in support of default relied on the alleged service made by Capitol Process Services.

6. Based on the fact that Defendant had not made an appearance and the information we had at the time that the service had been made, a default judgment was entered by the Court in the sum of $183,960.56.

7. Subsequently, settlement discussions were entered into with the Defendant as to the exact amount of monies that might be owed by the Defendant to the Plaintiffs.

8. During these negotiations, the Defendant indicated that they were never served with the Complaint and did not know how a judgment had been entered against them.

9. Our office then supplied the documents in support of the Default Judgment to Defendant's counsel.

10. Defendant's counsel reviewed the matter and then supplied our office with information indicating that the address on which service was made was a former address for the Defendant and their business had not been at that address for some time prior to the date of the alleged service.

2278133.01

11. Defendant also confirmed that the individual served did not and had never worked for the Defendant and Defendant had no idea who that individual was.

12. Based on the information supplied to us by Defendant's counsel, despite the fact that the default was obtained in good faith, appropriate service apparently was never made on the Defendant and, therefore, the Default Judgment should be vacated.

13. Plaintiffs therefore move the Court to vacate the Default Judgment based on the facts set forth in paragraphs 2 through 12. The Court need not reinstate the case because the parties have otherwise resolved their differences.

I declare under penalty of perjury that the foregoing is true and correct.

Date: Sept. 27, 2007

_____
Ira R. Mitzner